UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

MRA Pelican Pointe Apartments, LLC,    Case No: _11-32457_____

    Debtor.    Chapter 11
_____/

### DEBTOR-IN-POSSESSION'S *EXPEDITED* MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FINAL HEARING

\*\* Expedited Hearing Requested Pursuant to Local Rules 9013-1(F), (G) \*\*

**Basis for Expedited Relief**

Because the Debtor needs continued use of cash collateral to operate its business, the Debtor respectfully requests that this motion be set for hearing on Monday, August 15, 2011.

Debtor-in-Possession, MRA Pelican Pointe Apartments, LLC (the "Debtor"), by and through its undersigned proposed counsel, files this Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and Final Hearing, and in support thereof, respectfully states as follows:

### JURISDICTION

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicate for the relief requested is 11 U.S.C. §§ 105 and 363 and Rule 4001(d)(1)(D), Federal Rules of Bankruptcy Procedure.

{1581/000/00085029}

## BACKGROUND

3. On August 10, 2011, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtor is operating its business as a debtor-in possession. As of the date hereof, no trustee, examiner, or statutory committee has been appointed in this Chapter 11 case.

4. The Debtor owns an apartment complex commonly known as Whispering Isles Apartments, located at 250 West Sample Road, Pompano Beach, Florida (the "Property"). The Property is encumbered by a mortgage in favor of Fannie Mae (the "Secured Lender").

5. In addition, various lien claimants and judgment creditors listed on the Debtor's Schedule D may claim a security interest in certain assets of the Debtor (the "Additional Creditors") [*See* ECF No. 1]. The Debtor does not believe that the Additional Creditors have a security interest in the Debtor's cash.

6. Prior to the Petition Date, Fannie Mae initiated a foreclosure action against the Property in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, and requested and obtained a receiver.

7. The Receiver has administered and operated the Property since May 17, 2011. The Statement of Financial Position prepared by the Receiver, as of May 31, 2011, indicates that the Debtor had approximately $490,469.52 in an operating account.

## RELIEF REQUESTED

8. Through the Motion, the Debtor seeks the entry of an Order authorizing its use of cash collateral pursuant to 11 U.S.C. § 363, Federal Rules of Bankruptcy Procedure 4001(b)(2) and Local Rule 4001-2, setting the time for a final hearing, and granting the Debtor such other and further relief as is just and proper.

9.   As set forth in the budget, attached hereto and incorporated herein as **EXHIBIT A**, the Debtor requires the use of cash collateral to, among other things, (a) pay the Debtor's employees that are critical to the Debtor's ability to reorganize; and (b) fund all necessary operating expenses of the Debtor's business.

10.  The Debtor will suffer immediate and irreparable harm if it is not authorized to use cash collateral to fund the items set forth in the Budget. Absent such authorization, the Debtor will not be able to retain key personnel, insure its property, and otherwise maintain and protect its businesses. The payment of insurance expenses is also necessary in order to avoid dismissal or conversion of these Chapter 11 cases pursuant to 11 U.S.C. § 1112(b)(4)(C).

## CASH COLLATERAL AND THE RELIEF SOUGHT BY THE DEBTOR

11.  The Debtor's use of property of its estate is governed by section 363 of the Bankruptcy Code, which provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1). A debtor in possession has all of the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with section 363 of the Bankruptcy Code. *See* 11 U.S.C. § 1107(a).

12.  When a Chapter 11 debtor-in-possession is authorized to operate its business, it may use property of estate in ordinary course of business, but is absolutely prohibited from using cash collateral absent consent of the secured creditor or court authorization. *In re Kahn*, 86 B.R. 506 (Bankr. W.D. Mich. 1988); *In re Westport-Sandpiper Associates Ltd. Partnership*, 116 B.R.

{1581/000/00085029}3

355 (Bankr. D. Conn. 1990) (Debtor may not use cash collateral unless entity that has interest in it consents or debtor proves that interest of that entity is adequately protected).

13. "Cash collateral" is defined by the Bankruptcy Code as, "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . . ." 11 U.S.C. § 363(a). Any cash collateral generated by the Debtor may constitute the cash collateral of the alleged secured creditors. The Debtor reserves the right to challenge the validity, priority and extent of any alleged secured creditors' liens against the Debtor's assets.

18. Further, the Debtor proposes to use the cash collateral in accordance with the terms of the Budget. The Debtor also requests that it be authorized: (i) to exceed any line item on the budget by an amount equal to ten (10%) percent of each such line item; or (ii) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total budget

### APPLICABLE AUTHORITY FOR RELIEF REQUESTED

**A. The Court Should Enter an Order Authorizing the Continued Use of Cash Collateral Because the Debtor is Providing the Alleged Secured Creditor with Adequate Protection.**

22. The Bankruptcy Code does not explicitly define "adequate protection" but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditors' interest in such property. *See* 11 U.S.C. § 361; *see In re Potvin Lumber Company, Inc.*, 24 B.R. 54 (Bankr. D. Vt. 1982) (ordering that the debtor could use cash collateral, and finding that the bank was adequately protected because the total value of the debtor's personal property exceeded the bank's indebtedness); *see also In re Coventry Commons Associates*, 149 B.R. 109 (Bankr. E.D.

{1581/000/00085029}4

Mich. 1992); *In re Resolution Trust Company v. Swedeland Development Group. Inc. (In re Swedeland Development Group, Inc.)*, 16 F.3d 552, 564 (3d Cir. 1994).

23. Adequate protection is to be determined on a case-by-case factual analysis. *See Mbank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985); *see also* S. Rep. No. 95-989, 95th Cong., 2d Sess. 54 (1978). For example, in *O'Connor*, the court held that "[i]n order to encourage the Debtors' efforts in the formative period prior to the proposal of a reorganization, the court must be flexible in applying the adequate protection standard." *O'Connor*, 808 F.2d at 1396. (citations omitted). *See also In re Quality Interiors, Inc.*, 127 BR. 391 (Bankr. N.D. Ohio 1991) (holding that the granting of a replacement lien provided adequate protection).

24. Adequate protection is meant to ensure that the secured creditors receive the value for which it originally bargained pre-bankruptcy. *Swedeland Dev. Group., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) (citing *In re O'Connor*, 808 F.2d 393, 1396–97 (10h Cir. 1987)). Courts have noted that the essence of adequate protection is the assurance of the maintenance and continued responsibility of the lien value during the interim between the filing and the confirmation. *In re Arriens*, 25 B.R. 79, 81 (Bankr. D. or. 1982). The focus of the requirement is to protect secured creditors from diminution in value during the use period. *See In Re Kain*, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988); *In re Becker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986); *In re Ledgmere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass. 1990).

25. Adequate protection provided to the Secured Lender includes, but are not limited to, a replacement lien on the Debtor's receivables.

26. The Debtor's requested use of cash collateral and the protections afforded to the Secured Lender herein are reasonable, appropriate, and sufficient to satisfy the legal standard of

"adequate protection" and will serve to maintain the value of the Secured Lender's alleged collateral.

### B. The Use of Cash Collateral will Preserve the Debtors' Going Concern Value, Which will Inure to the Benefit of the Alleged Secured Creditor and other Creditors.

27. The continued operation of Debtor's business will preserve its going concern value, enable the Debtor to capitalize on that value through a reorganization strategy, and ultimately facilitate the Debtor's ability to confirm a Chapter 11 plan. However, if the Debtor is not allowed to use cash collateral, it will be unable to operate.

28. The Debtor will use the cash collateral during the interim cash collateral period to pay the Debtor's employees that are critical to the Debtor's ability to reorganize; and fund expenses of administration such as insurance, utilities, and operating expenses in order to maintain its business.

29. It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor as a going concern.

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use "cash collateral" in its efforts to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

*In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984).

30. Accordingly, courts authorize the use of cash collateral to enhance or preserve the debtor's going concern value. For example, in *In re Stein*, 19 B.R. 458 (Bankr. E.D. Pa. 1982), the court allowed a debtor to use cash collateral where the secured party was undersecured, finding that the use of cash collateral was necessary to the debtors' continued operations and the creditor's secured position can only be enhanced by the continued operation of the debtor's

business. *Id.* At 460; *see also Federal Nat. Mort. v. Dacon Bolingbrook Assos.*, 153 B.R. 204, 214 (N.D. Ill. 1993) (security interest protected to extent debtor reinvested rents in operation and maintenance of the property); *In re Constable Plaza Assoc.*, 125 B.R. 98, 105 (Bankr. S.D.N.Y. 1991) (debtor's reinvestment of rents to maintain and operate office building will serve to preserve or enhance the value of the building which, in turn, will protect the collateral covered by [the] mortgage); *In re Dynaco Corp.*, 162 B.R. 389, 395-96 (Bankr. D. N.H. 1983) (finding that the alternative to the debtor's use of cash collateral, termination of its business, would doom reorganization and any chance to maximize value for all creditors); *In re Karl A. Neise, Inc.*, 156 B.R. 600, 602 (Bankr. S.D. Fla. 1981) (marginally secured creditor adequately protected by lien on postpetition property acquired by debtor, debtors can use cash collateral in the normal operation of their business).

31.    If the Debtor cannot use cash collateral, it will be forced to cease operations, which will severely disrupt the Debtor's entire operations. By contrast, granting authority will allow the Debtor's to maintain operations and preserve the going concern value of its business which will inure to the benefit of any secured creditors and all other creditors

32.    Courts in this District have granted relief similar to the relief sought in this Motion in other recent Chapter 11 cases. *See, e.g., In re Tousa, Inc.*, No. 08-10928, Docket No. 113 (Bankr. S.D. Fla. Jan. 31, 2008); *see also In re All American Semiconductor, Inc.*, No. 07-12963 (Bankr. S.D. Fla. May 21, 2007) (authorizing the use of cash collateral in accordance with the terms of the DIP credit documents and the approved budget for DIP financing); *In re ITG Vegas, Inc.*, No. 06-16350, Docket No. 20 (Bankr. S.D. Fla. Dec. 7, 2006); *In re Gemini Cargo Logistics, Inc.*, No. 06-10870 (Bankr. S.D. Fla. Apr. 10, 2006).

33.    The Debtor believes that use of cash collateral pursuant to the terms and

conditions set forth above is fair and reasonable and adequately protects the Secured Lender. The combination of: (i) the Debtor's ability to preserve the going concern value of the business with the use of cash collateral; and (ii) providing the Secured Lender with the other protections set forth herein, adequately protects the their alleged secured position under §361(2) and (3). For all of the reasons stated above, this Court's approval of the Debtor's use of cash collateral is proper herein.

34. The Debtor believes that the approval of this Motion is in the best interests of the Debtor, its creditors and its estates because it will enable the Debtor to (i) continue the orderly operation of its business and avoid an immediate total shutdown of operations; (ii) meet its obligations for payroll, necessary ordinary course expenditures, and other operating expenses; and (iii) make payments authorized under other orders entered by this Court, thereby avoiding immediate and irreparable harm to the Debtor's estates.

35. A proposed order granting the relief requested is attached hereto as **EXHIBIT B.**

**WHEREFORE**, the Debtor respectfully request that this Court enter an order (a) authorizing the Debtor's use of cash collateral in accordance with the attached Budget and provide related adequate protection; (b) to grant the replacement liens set forth above in connection with the use thereof; and (c) granting the Debtor such other and further relief as is just and proper.

(Remainder of Page Intentionally left Blank)

{1581/000/00085029}8

Respectfully submitted,

SHRAIBERG, FERRARA & LANDAU, P.A.
Proposed Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bshraiberg@sfl-pa.com
Email: blee@sfl-pa.com

By:  /s/Bradley S. Shraiberg
     Bradley S. Shraiberg
     Fla. Bar No. 121622
     Bernice C. Lee
     Florida Bar No. 0073535

### ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to all parties registered to receive electronic noticing in this case on this the 10th day of August, 2011 and via First Class U.S. Mail to all persons on the attached Service List on the 11th day of August, 2011.

            /s/ Bradley S. Shraiberg
            Bradley S. Shraiberg

{1581/000/00085029}9

# Exhibit A

{1581/000/00085029}10

| | |
|---|---:|
| Total Revenue Collected | 140,000 |
| | |
| Anticipated Outlays | |
| | |
| Advertising & Marketing | 2,000 |
| Appliance Replacement | 4,000 |
| Application Processing | 500 |
| Bank Fees | 150 |
| Book Keeping | 500 |
| Cleaning Supplies | 250 |
| Communications | 500 |
| Electric | 3,500 |
| Landscaping | 2,500 |
| Legal & Professional (inc evictions) | 2,500 |
| Licenses, Fees | 150 |
| Maintenance Contract Labor | 4,000 |
| Maintenance Supplies | 1,000 |
| Management Fee | 7,000 |
| Management Software | 400 |
| Office Supplies | 500 |
| Payroll Expense (inc taxes, benefits) | 20,000 |
| Pest Control | 1,000 |
| Pool Maintenance & Supplies | 1,500 |
| Security | 1,000 |
| Trash Removal | 2,000 |
| Water/Sewer | 13,000 |
| | |
| Total Anticipated Payables | 67,950 |

# Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

MRA Pelican Pointe Apartments, LLC,          Case No: 1

       Debtor.                                         Chapter 11
_____/

**INTERIM ORDER GRANTING DEBTOR-IN-POSSESSION'S *EXPEDITED* MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND SCHEDULING FINAL HEARING**

THIS MATTER came before the Court for hearing on August ___, 2011 upon MRA Pelican Pointe Apartments, LLC's (the "Debtor") *Expedited Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and Final Hearing* (the "Motion") [ECF No. ___]. The Court, having considered the matter, and the record in this case, hereby

**ORDERS AND ADJUDGES** as follows:

1.    The Motion is **GRANTED** on an interim basis subject to a final hearing.

2.    <u>Use of Cash Collateral</u>. The Debtor shall be entitled to use cash collateral to pay all ordinary and necessary expenses in the ordinary course of its business for the purposes

{1581/000/00085042}

contained in the budget attached as **EXHIBIT A** through and including September 14, 2011. The Debtor is also authorized: (i) to exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (ii) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

3. <u>Replacement Liens.</u>  Notwithstanding the provisions of Section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by Section 552(b) of the Bankruptcy Code, the Debtor grants in favor of Fannie Mae, as security for all indebtedness that is owed by the Debtor to Fannie Mae, under the secured documentation, but only to the extent that Fannie Mae's cash collateral is used by the Debtor, a post-petition security interest and lien in, to and against the Debtor's receivables, to the same extent and priority that Fannie Mae held a properly perfected pre-petition security interest in such assets.  Under no circumstances shall Fannie Mae have a lien on any causes of action arising under 11 U.S.C. § 542 *et seq.*, 547, 548, 549, 550, 551, or any of the Debtor's assets that it did not have a right to pre-petition.

4. <u>Duration.</u>  The use of cash collateral provisions in this Order shall remain in effect until September 14, 2011, or until otherwise ordered by the Court.

5. <u>Final Hearing</u>. This Court shall hold a final hearing on cash collateral on **September\_\_\_, 2011 at _____ \_\_\_.m.** at the at the United States Bankruptcy Courthouse, 299 East Broward Boulevard, Room 301, Fort Lauderdale, Florida 33301.

###

Submitted by:

Bernice C. Lee
Counsel for the Debtor
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: (561) 443-0800
Direct Line: (561) 433-0818
Facsimile: (561) 998-0047

<u>Copy to:</u> Bernice C. Lee, Esq., 2385 NW Executive Center Dr., Suite 300, Boca Raton, FL 33431.
[Attorney Lee is directed to serve a copy of this Order upon all interested parties.]

{1581/000/00085042}

3

| | |
|---|---:|
| Total Revenue Collected | 140,000 |
| **Anticipated Outlays** | |
| Advertising & Marketing | 2,000 |
| Appliance Replacement | 4,000 |
| Application Processing | 500 |
| Bank Fees | 150 |
| Book Keeping | 500 |
| Cleaning Supplies | 250 |
| Communications | 500 |
| Electric | 3,500 |
| Landscaping | 2,500 |
| Legal & Professional (inc evictions) | 2,500 |
| Licenses, Fees | 150 |
| Maintenance Contract Labor | 4,000 |
| Maintenance Supplies | 1,000 |
| Management Fee | 7,000 |
| Management Software | 400 |
| Office Supplies | 500 |
| Payroll Expense (inc taxes, benefits) | 20,000 |
| Pest Control | 1,000 |
| Pool Maintenance & Supplies | 1,500 |
| Security | 1,000 |
| Trash Removal | 2,000 |
| Water/Sewer | 13,000 |
| Total Anticipated Payables | 67,950 |

## Service List
## 11-32457

**Sent via CM/ECF Electronic Mail**

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Bradley S Shraiberg    bshraiberg@sfl-pa.com, narakaki@sfl-pa.com;lrosetto@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com

**Sent via First Class U.S. Mail**

See attached creditor matrix

{1581/000/00085029}12

```
Label Matrix for local noticing      MRA Pelican Pointe Apartments, LLC    (c)247 W 38TH STREET REALTY
113C-0                               c/o Addison Advisors                  PO BOX 110552
Case 11-32457                        7050 W. Palmetto Park Road            BROOKLYN NY  11211-0552
Southern District of Florida         Suite 15
Fort Lauderdale                      Boca Raton, FL 33433-3433
Wed Aug 10 18:35:53 EDT 2011

(c)3611 JOINT VENTURE LLC            A Cut Above A Lawn & Tree Service, Inc.   A Cut Above A Lawn & Tree Service, Inc.
PO BOX 110552                        10875 NW 52nd Street                      c/o Barry Vinig
BROOKLYN NY  11211-0552              Suite 4                                   2880 NE 14th Street
                                     Fort Lauderdale, FL 33351-8086            CSWY 305
                                                                               Pompano Beach, FL 33062-3651

AXS Online                           Abraham & Carol Katzburg              All Florida Pools & Spa Center
10685-B Hazelhurst Drive             1328 41 Street                        11720 Biscayne Blvd.
# 314                                Brooklyn, NY 11218-3506               Miami, FL 33181-3195
Houston, TX 77043-3261


American National Realty Corp.       American National Realty Corp.        Apartment Finder
1404 S Andrew Avenue                 7860 Peters Road                      c/o Network Communications, Inc.
Fort Lauderdale, FL 33316-1840       # F101                                2305 Newpoint Parkway
                                     Fort Lauderdale, FL 33324-4026        Lawrenceville, GA 30043-5530


Apartments.com                       Aryeh Kieffer                         (c)BUSH REALTY ASSOCIATES
2563 Collection Center Drive         7050 W. Palmetto Park Road            PO BOX 110105
Chicago, IL 60693-0025               Suite 15                              BROOKLYN NY  11211-0105
                                     Boca Raton, FL 33433-3433


Carpet Replacement Systems, Inc.     Centerline Mortgage Capital Inc.      City of Pompano
1313 Northwest 65th Place            625 Madison Avenue                    100 W Atlantic Blvd.
Suite 1                              New York, NY 10022-1801               Suite 420
Fort Lauderdale, FL 33309-1964                                             Pompano Beach, FL 33060-6099


Classified Ventures                  Compass Bank                          Compass Bank
2563 Collection Center Drive         15 South 20th Street                  P.O. Box 10566
Chicago, IL 60693-0025               Birmingham, AL 35233-2000             Birmingham, AL 35296-0001


Compass Bank                         Conserve                              Elliot Kalman
c/o CT Corporation System            1141 South Rogers Circle              P.O. Box 200
1200 South Pine Island Road          Suite 6                               Monsey, NY 10952-0200
Fort Lauderdale, FL 33324-4413       Boca Raton, FL 33487-2789


Empire Property Management, Inc.     Fannie Mae Corporation                Fannie Mae Corporation
25 Philips Parkway                   13118 Sorrento Road                   c/o King Financial Group, Inc.
Montvale, NJ 07645-1810              Suite E                               945 West Michigan Avenue
                                     Pensacola, FL 32507-8743              Suite 5B
                                                                           Pensacola, FL 32505-2301


First Florida Landcare, Inc.         Floors By Design, Inc.                Florida Department of Revenue
3410 Northeast 2nd Avenue            7406 Northwest 55th Street            Florida Dept. of Revenue
Fort Lauderdale, FL 33334-1102       Miami, FL 33166-4218                  5050 W. Tennessee St.
                                                                           Tallahassee, FL 32399-0135
```

| | | |
|---|---|---|
| For Rent Media Solutions<br>Dominion Enterprises<br>150 Granby Street<br>Norfolk, VA 23510-1604 | Hayden Electric, Inc.<br>561 SW 9th Terrace<br>Pompano Beach, FL 33069-3591 | Home Depot Supply, Inc.<br>3100 Cumberland Vlvd.<br>Suite 1700<br>Atlanta, GA 30339-4918 |
| (c)HOME DEPOT SUPPLY, INC.<br>C/O CORPORATE CREATIONS NETWORKS, INC.<br>11380 PROSPERITY FARMS RD STE 221<br>PALM BEACH GARDENS FL  33410-3465 | Independence Community Bank<br>2255 Glades Road<br>Boca Raton, FL 33431-7382 | Independence Community Bank<br>c/o CT Corporation System<br>1200 South Pine Island Road<br>Fort Lauderdale, FL 33324-4413 |
| Internal Revenue Service<br>Attn: Special Procedures<br>P.O. Box 34045<br>Stop 572<br>Jacksonville, FL 32202 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Jennings Valancy, P.A.<br>311 S.E. 13th Street<br>Fort Lauderdale, FL 33316-1923 | Lawn Logic LLC<br>4651 Southwest 51st Street<br>Fort Lauderdale, FL 33314-5515 | Lawn Logic LLC<br>dba LL Property Services<br>340 S State Road 7<br>Fort Lauderdale, FL 33317-3737 |
| Marril Security<br>7000 W. Palmetto Park Road<br>Suite 400<br>Boca Raton, FL 33433-3425 | Mayer Steg<br>P.O. Box 215<br>Monsey, NY 10952-0215 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Orkin<br>1820 SW 30th Avenue<br>Hallandale, FL 33009-2004 | Propertyware, Inc.<br>343 Sansome Street<br>Suite 825<br>San Francisco, CA 94104-5620 | Rent.com<br>2425 Olympic Blvd.<br>Suite 400E<br>Santa Monica, CA 90404-4026 |
| Riverarc Realty<br>c/o Joseph Teichman<br>149 Yellowbrook Road<br>Suite 111<br>Farmingdale, NJ 07727-3884 | Robert Parker Carpet Sales, Inc.<br>2740 Northwest 63rd Court<br>Fort Lauderdale, FL 33309-1712 | Roosevelt Industrial LLC<br>P.O. Box 200<br>Monsey, NY 10952-0200 |
| Sachs Sax Caplan<br>6111 Broken Sound Parkway NW<br>Suite 200<br>Boca Raton, FL 33487-3644 | Shop Carpet Corp.<br>8112 NW 92nd Avenue<br>Fort Lauderdale, FL 33321-1522 | Shop Carpet, Inc.<br>5310 N State Road 7<br>Fort Lauderdale, FL 33319-2916 |
| Southern Waste Systems<br>790 Hillbrath Drive<br>Lake Worth, FL 33462-1672 | Tzetzoanee Motel Realty Corp.<br>8 Morris Road<br>Spring Valley, NY 10977-3317 | US Attorney Southern District of Florida<br>500 East Broward Boulevard<br>Fort Lauderdale, FL 33394-3000 |
| Valet Waste<br>601 N. Ashley Drive<br># 700<br>Tampa, FL 33602-4302 | Waste Management<br>P.O. Box 105435<br>Atlanta, GA 30348-5435 | Waste Management Inc of Florida<br>4500 Exchange Avenue<br>Naples, FL 34104-7025 |

Bradley S Shraiberg
2385 NW Executive Center Dr. #300
Boca Raton, FL 33431-8530

        The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
        by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service                    (d)Internal Revenue Service
Ogden, UT 84201-0039                         P.O. Box 105017
                                             Atlanta, GA 30348-5017

                            Addresses marked (c) above for the following entity/entities were corrected
                                 as required by the USPS Locatable Address Conversion System (LACS).

247 West 38th Street Realty          3611 Joint Venture, LLC              Bush Realty Associates
P.O. Box 552                         P.O. Box 552                         P.O. Box 105
Brooklyn, NY 11211                   Brooklyn, NY 11211                   Brooklyn, NY 11211


Home Depot Supply, Inc.              End of Label Matrix
c/o Corporate Creations Networks, Inc. Mailable recipients    60
11380 Prosperity Frams Road          Bypassed recipients      0
Suite 221E                           Total                   60
Palm Beach Gardens, FL 33410